US. DISTRICT    DISTRICT OF Columbia

# IN THE ~~CIRCUIT~~ COURT OF THE UNITED STATES OF AMERICA

FILED

SEP 21 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Patsy Lee Martens
George Allen Martens
Jacob-Franz: Dyck, Trustee
of Netanya Trust
~~Relators~~ - PLAINTIFF
32316 Twin Oaks Lane
Brashear, MO 63533
660-323-5560

HONORABLE JUDGE
RUSSELL STEELE -
~~Respondent~~ - DEFENDANT
ADAIR CO. CIRCUIT COURT.

CASE NUMBER  1:06CV01632

JUDGE: Emmet G. Sullivan

DECK TYPE: Pro se General Civil

DATE STAMP: 09/21/2006

JURY ACTION

## COMPLAINT
Quo Warranto Against State Official

### Identifying Parties

Relators: Patsy Lee Martens and George Martens owners and managers of Trust (a farm in Adair County Missouri).

Jacob-Franz: Dyck, Trustee of Netanya Trust (a farm in Adair County Missouri)

Respondent: RUSSELL STEELE, Circuit judge of the Second Circuit, Adair County Missouri.

### Jurisdiction

Comes the Relators, Patsy Lee Martens, George Allen Martens and Jacob-Franz: Dyck, all natural born free adults, to this honorable court sitting in Article III, Sec. 2:1 capacity under Federal Rules of Civil Procedures, Rule 9 (b) (c) (d) (e) (f) (g) and Rule 60 (b) for the discovery of the law and facts and upon the discovery of a scheme to defraud the Relators.

1

Under Federal rules of Civil Procedures Rule 9 (b) that fraud vitiated against contract or action ab initio. The jurisdiction of this court is invoked under Title 28 United States Code Section 1331 and 1332, this being an action arising under the Constitution of the United States and of the State of Missouri, Bill of Rights, Laws of the United States and Foreign Treaties of the United States. Deprivation under Color of State Laws, Statutes, ordinance, regulation, custom, and usage of a right, privilege, and immunity secured to Relators by the 1st. 4th, 5th, 6th, 7th, 8th and Articles of the Bill of Rights.

Relators pleadings set the jurisdiction of this cause in the jurisdiction of the American flag, Title 4 U.S.C. Sec. 1, of the united States of America. When Relators captured Adair County Court, State of Missouri, now is within the jurisdiction of a Federal Court, as all courts are United States Federal Courts because of the United States Federal Oath or affirmation and the Title 4 U.S.C. Sec. 1 American flag. Under the law of the Flag the United States Federal Flat Title 4 U.S.C. Sec. 1 and the Oath of Office makes all Courts Federal Courts.

Facts of Case

Relators state that when a judge breaks the law through conspiracy, collusion, tort, forceful contract or perjury of oath, or surrender of the Constitution by a Foreign State/Power in constructive treason, by willful denial of rights afforded Relators by both Constitutions, State and Federal, will lose jurisdiction over the case before the court making all judgments void: Title 28 U.S.C. Sec. #454, and #455; now becomes a Respondent and incorporated into the case for conspiracy by neglecting on October 17, 2005 to yield to Patsy Lee Martens, demand for Trial by

Jury and discovery relating to the Promissory Note or accounting of monies paid and fraudulent Deed of Trust. See <u>Exhibit 3</u>. On December 29, 2005 Respondent ruled without Trial by Jury or awarding Relators Discovery and without record on file relating to the October 17, 2005 hearing.

    1. Relators respectfully informs the Court that the relators are sovereign citizens of the Missouri Republic, that relator prosecutes this cause for and on behalf of the state of Missouri: that respondent RUSSELL STEELE is a judicial corporation duly organized and existing under the laws of the State of Missouri; that at all times herein mentioned the respondent has done business and exercised its corporate franchise within the State of Missouri in accordance with its incorporation under the laws of Missouri.

    2. Respondent, RUSSELL STEELE is engaged in the business of Circuit Judge for the Second Circuit.

    3. Respondent, RUSSELL STEELE, has in the conduct of his business acted in violation of his oath, to uphold the Constitution of Missouri Republic and Constitution of the United States of America by the following violations:

        a. Article 1 (Bill of Rights) Sec. 22 (a). Right of trial by jury-That the right of trial by jury as heretofore enjoyed shall remain inviolate;

            1. United States of America Constitution Amendment VII-In suits at <u>common law</u> where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to

the rules of <u>common law.</u>

2.  Bill of Rights, Article IX-In suits at <u>common law</u> where the value in controversy shall exceed twenty dollars, the right of trial <u>by</u> jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of <u>common law</u>. See <u>Exhibit 1.</u>

3.  Discovery-When discovery was demanded as to the existence of a Promissory Note the judge refused discovery and accounting by a competent person of the Bank. This is to say that the accuser is correct and proof of its correctness is incontrovertible. Thereby guilty until proven innocent.

    a.  When I, Jacob-Franz: Dyck, trustee, demanded to have a copy of the transcript on purported day judgment was rendered; the Court Recorder told me "Judge STEELE ordered me not to keep the record. His reason was no evidence was entered in the court, just oral argument." See <u>Exhibit 2</u>. Also see Affidavit and note written by George Martens quoting phone call from Court Recorder. See <u>Exhibit 5.</u>

    b.  Deed of Trust, which was the instrument by which the suit was filed, is a fabrication of the lawyer who created it. This can be seen in <u>Exhibit 3</u> letter from purported trustee.

4

4. Judge RUSSELL STEELE gave the property to the Sheriff who sold it on the courthouse steps. This entire action was void because the judgment was void.

5. Relators further inform the Court that the acts and violations of Respondent were conscious, willful, deliberate and knowingly performed against the relators.

6. The Respondent Court knew the Constitution of the united States laws were correct as sworn by the Oath or Affirmation contract, then acted with the acts stated herein, by the definition of Titles, Blacks law dictionary and the united States Codes and the Laws of Contract. The Respondent should have practiced the law with the skill and care and diligence in the examination by the case incorporation, the Respondent should have discovered the defect, but the Respondent, was guilty of such want of care, skill and diligence in the examination of Relator's rights and in advising Relators in the case incorporation. Relators were misled as no disclaimer of responsibility before the Respondent court proceedings were by beginning and Relators did not sign Constitutional rights away by the true intent of the facts stated in this cause shown by Relators.

## Prayer

7. Relators further inform the Court that, by reason of the omissions, Respondent has grossly and willfully abused and misused his corporate franchise granted by the State of Missouri and that, because of such abuse and misuse, the rights and privileges of Respondent to and under the franchise should be withdrawn and Respondent ousted from the franchise and the void judgment made by Respondent should be voided by this court.

THEREFORE, Relators pray that due process of law may issue against Respondent and that, on final hearing and determination of this cause, Respondent be ousted from its corporate franchise granted by the State of Missouri, and for such other and further relief that the court may deem just.

September 21, 2006

By: Patsy Lee Martens
32316 Twin Oaks Lane
Brashear, Missouri 63533

By: George Allen Martens

**RUSSELL STEELE**
**Adair County Courthouse**
**Kirksville, MO 63501**

By: Jacob-Franz: Dyck
32316 Twin Oaks Lane
Brashear, Missouri 63533

TRIAL BY JURY DEMANDED