No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the Government, from the highest to the lowest, are creatures of the law, and are bound to obey it. It is the only supreme power in our system of government, and every man, who, by accepting office, participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives. See INTERNATIONAL POSTAL SUPPLY COMPANY v. BRUCE (05/31/04) 194 U.S. 601, 48 L. Ed. 1134, 24 S. Ct. at page 609. But immunity from suit is a high attribute of sovereignty — a prerogative of the State itself - - which cannot be availed of by public agents when sued for their own torts.

The Eleventh Amendment was not intended to afford them freedom from liability in any case where, under color of their office, they have injured one of the State's citizens. To grant them such immunity would be to create a privileged class free from liability from wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be put above the law. See OLD COLONY TRUST COMPANY v. CITY SEATTLE ET AL. (06/01/26) 271 U.S. 426, 46 S. Ct. 552, 70 L. Ed. at page 431.

No officer of the law may set that law at defiance with impunity. See United States v. Lee, 106 U.S. 196, 220 and Burton v. United States, 202 U.S. 344. The objection is that, as the real party cannot be brought before the court, a suit cannot be sustained against the agents of that party; and cases have been cited to show that a court of chancery will not make a decree unless all those who are substantially interested be made parties to the suit. This is certainly true where it is in the power of the plaintiff to make them parties; but if the person who is the real principal, the person who is the true source of the mischief, by whose power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford the same remedies against the agent employed in doing the wrong which they would afford against him could his principal be joined in the suit." See IN RE AYERS.; IN RE SCOTT.; IN RE MCCABE. 123 U.S. 443, 31 L. Ed. 216, 8 S. Ct. at page 512.

The liability of state judicial officials and all official participants in state judicial proceedings under C2 A7 2 was explicitly and repeatedly affirmed. The notion of immunity for such officials was thoroughly discredited. The Senate sponsor of the Act deemed the idea "akin to the maxim of the English law that the King can do no wrong. It places officials above the law. It is the very doctrine out of which the rebellion [the Civil War] was hatched." Cong. Globe, 39th Cong., 1st Sess., 1758 (1866) (Sen. Trumbull). Thus, C2 A7 2 was "aimed directly at the State judiciary." Id., at 1155 (Rep. Eldridge). See also id., at 1778 (Sen. Johnson, member of the Senate Judiciary Committee).

06 1632

Exhibit 1
Page 1 of 3

FILED

SEP 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

There was "no difference in the principle involved" between a civil remedy and a criminal sanction. Ibid. See BRISCOE ET AL. v. LAHUE ET AL. (03/07/83) 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96, 51 U.S.L.W. at page 359. The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse.

When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect. The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that when a state officer acts under a state law in a manner volative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.

A judge's private, prior agreement to decide in favor of one party is not a judicial act. Although a party conniving with a judge to predetermine the outcome of a judicial proceeding may deal with him in his judicial capacity, the other partys expectation of judicial impartiality's actively frustrated by the scheme. It is the antithesis of the principled and fearless decision-making that judicial immunity exists to protect. Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) cert. Denied, 451 U.S. 939, 101 S. Ct. 2020, (1981), Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213 (1967), and Gregory v. Thompson, 500 F.2d 59 (9th Cir. 1974).

The United States Supreme Court has long recognized that judicial immunity does not protect judicial officers when the relief sought is injunctive and declaratory. Pulliam v. Allen, 466 U.S. 522, 1970. HEADS UP Congress has revised the law -In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Applying the clear absence of all jurisdiction standard to judges of courts of limited jurisdiction (such as federal district courts) comports with the policy expressed in Bradley that where a court has subject matter jurisdiction over a particular controversy, the judge should be absolutely immune from a damages action stemming from his decision. It is clear that a judge who acts in the absence of subject matter jurisdiction may be held liable for his judicial acts. Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, (1978), Bradley v. Fisher, 80 U.S. 335 (1872).

Where an individual official would be expected to know that certain conduct would violate statutory or constitutional rights he should be made to hesitate. Harlow v. Fitzgerald, 102 S. Ct. at 2739 and Scott v. Dixon 720 F.2d 1542 (11th Cir. 1983). Where judge presumes to exercise jurisdiction beyond understood boundaries, judge is not entitled to immunity. Dykes v. Housemann, 743 F.2d 1488 (11th Cir. 1984).

Exhibit 1
Page 2 of 3

A judges private, prior agreement to decide in favor of one party is not a judicial act. Lopez v. Vanderwater, 620 F.2d 1229 (7th Cir. 1980). If a court lacks jurisdiction over a party, then it lacks jurisdiction to adjudicate that partys rights, whether or not the subject matter is properly before it. Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690 (1978). Ex parte proceeding would be a flagrant violation of due process, rendering any order null and void.

In re: Wellman, 3 Kan. App.100, 45 P. 726, (1896). When want of jurisdiction is known to the judge, no excuse is permissible. Turner v. Raynes, 611 F.2d 92, (5th Cir. 1980). Willful misconduct in office or willful and persistent failure to perform his official duties by a judge of the United States shall constitute conduct inconsistent with the good behavior required by article III of the Constitution and shall be cause for the removal of that judge."

When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below).

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect.

The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." Von Kettler et.al. v. Johnson, 57 Ill. 109 (1870).

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. "Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." The People v. Brewer, 128 Ill. 472, 483 (1928).

The judges listed in all above mentioned cases had no legal authority (jurisdiction) to hear or rule on certain matters before them. They acted without any jurisdiction. When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason.

Exhibit 1
Page 3 of 3

# AFFIDAVIT OF FACTS

I George Allen Martens, am of legal age and am sound body and mind; have knowledge of the facts to be true and correct in substance and fact as stated herein:

1. **That I did not sign** the promissory note on March 15th, 2004 at the Pickell Abstact Co.

2. On the morning of June 8, 2006 I received a call from a person who identified herself to be Becky Childress, Recorder for Circuit Court on October 17th, 2005; Mrs. Childress told me **"that there no court records on file because no evidence was presented, just oral arguments"**.

3. I make this Affidavit based on my own personal knowledge and if called as a witness would testify as stated herein.

Further sayeth Affiant not.

By: *George Allen Martens*

George Allen Martens
32316 Twin Oaks Lane
Brashear, Missouri 63533

**Jurat**

06 1632

*Connie W. Viscarra*



**FILED**

SEP 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit 2*

*Page 1 of 2*

No Court-Records
on File

Because NO Evidence
was presented Just
oril aurgument

---

Leonard Clark

~~685~~ ~~2761~~
665 2761
office 665 4644

Copy of note taken
morning (June 8) of the
sale.

Exhibit 2
page 2 of 2

THE LAW FIRM OF

# SWANSON • MIDGLEY • LLC

Founded in 1886

Crown Center
2420 Pershing Rd., Ste. 400
Kansas City, MO 64108-2505
Telephone: 816-842-6100
FAX: 816-842-0013

Plaza Pointe
4747 West 135th Street, Ste. 400
Leawood, KS 66224
Telephone: 913-239-2360
Fax: 913-239-2362

April 2, 2004

Ms. Patsy Martens
32316 Twin Oakes Lanes
Brashear, MO 63533-2507

> RE:     Decision One Mortgage Co., LLC/Land in Sec. 26, T62, R14, Adair County,
> Missouri

Dear Ms. Martens:

Several days ago I received a document by Federal Express from you. I enclose a copy of the document.

I have no information about you, the land, or a promissory note or mortgage in favor of Decision One Mortgage Co.

I assume from the information you sent to me, I was named as trustee in a Deed of Trust that appears in a record of the title of the property located at 32316 Twin Oakes Lanes, however I have no record or recollection of being named. That is not unusual because many times I am named as trustee without my knowledge in deeds of trust because I am an attorney and a resident of Missouri.

I do not intend to take any action regarding this matter and disclaim any obligation to do so.

Very Yours Truly,

James H. McLarney

JHM/smt
Enclosures

Exhibit 3

*Member of Meritas with Law Firms Worldwide*

06 1632
**FILED**

SEP 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT