UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Patsy Lee Martens
George Allen Martens
Jacob-Franz: Dyck, Trustee
  Of Netanya Trust

    Relator (Plaintiff)

    V.                                     Case #1:06CV01632 EGS

RUSSELL STEELE

    RESPONDENT (DEFENDANT)

---

PRELIMINARY INJUNCTION

---

Affidavit

We, Patsy Lee Martens, George Allen Martens and Jacob-Franz: Dyck, are competent to testify and make this affidavit as a follower of the Messiah, In the laws of the Almighty Supreme Creator, first and foremost and the laws of Man when they are not in conflict (Leviticus 18:3,4). Pursuant to Matthew 5:33-37 and James 5:12 [C.I.R. v. Ferguson USCA 90-1430], let our yeas be yeas and our nays nays, as supported by your Federal law97-280,96 Stat. 1211. We have personal knowledge of the matters stated herein and hereby asseverate understanding the liabilities presented in your Briscoe v. Lahue 46 U.S. 325.

RECEIVED

OCT 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jurisdiction

1. This court has jurisdiction under Rule 9 (b).

2. This court has jurisdiction under Rule 62 and 65.

There are distinct Constitutional violations perpetrated by RUSSELL STEELE,

    a. Failure to allow discovery by Plaintiffs,

    b. Failure to allow trial by jury, (property value over $300,000.00).

    c. Failure to allow Patsy Martens to bring forth evidence that the document (Deed of Trust) upon which the initial suit in Adair Co. was brought against the property as witnessed in the Amended Complaint for Quo Warranto was a fraud.

    d. Failure to keep a record of the proceedings. There is also a Land Patent on the property and the property is in a Pure Trust, (Netanya). All of this explained in more detail in the complaint and Amended Complaint for Quo Warranto. All of these rights are valid, and critical to maintain the Status Quo of the Martens, as 28 years of living on the property and not having sufficient money to sustain themselves off the property because the Sheriff is destroying their livelihood, and last but not least, due process of law was not upheld to allow the Martens to present their evidence to own property. The injury caused is both mental and physical both of which are irreparable, as is their status in the community.

The Petitioners have a clear legal right to demand of this court that their Constitutional rights be upheld by the diversity of citizenship, Rule 1331 and 1332, as well as <u>this</u> court has jurisdiction under Article III Sec. 2. There is definitely property rights

involved in this issue which must be protected by this court. See Indiana State ex rel Blaize v Hoover, 210 Ind 212 and Kenneck v Pennock, 305 Pa 288, 157 A. 613. These rights stated above are well known to the public and are the backbone of our society.

    I am not an expert in the law; however, I know right from wrong. If there is any human being damaged by any statement herein, if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendments to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would controvert and overcome this affidavit, please advise me in written affidavit form within the allotted time (21 days) from receipt hereof providing me with your counter affidavit by all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this affidavit statement is substantially and materially false sufficiently to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father through the power and authority of the blood of his Son be done on earth as it is in Heaven.

Service to the agent is service to the principle; Service to the principle is service to the agent. Further sayeth affiant not.

Date: October 10, 2006

_____
Patsy Lee Martens

_____
George Allen Martens

By: _____
Jacob-Franz: Dyck

# ORDER

On reading and filing the Complaint #1:06CV01632 in this cause and on motion of Petitioners,

IT IS ORDERED that the above-named defendant, RUSSELL STEELE, show cause before this court on Tuesday, October 17, 2006, or as soon after as counsel can be heard, at the US DISTRICT COURT, WASHINGTON DC, 333 Constitution Ave. Room #_____, why a preliminary injunction should not issue during the pendency of the action, according to the request for relief of such in complaint #1:06CV01632; and

It is further ordered that plaintiff cause a copy of this order, together with a copy of the complaint to be served on defendant at least _____ days before the day of hearing; and

It is further ordered that in the meantime and until the further order of the court, defendant desist and refrain from taking possession of property.

Dated: October 11, 2006

_____
**Signature of Judge**

_____
**Signature of Clerk of Court**

**Order–Granting preliminary injunction–On motion of plaintiff**

ORDER

The court having on _____ date, heard the application for a preliminary injunction, on motion of plaintiff and after notice to defendants, and having then taken the matter under advisement and directed counsel for the respective parties to submit briefs, the court being now fully advised, from the evidence finds that _____ [set forth facts constituting reasons for issuance of preliminary injunction].

IT IS ORDERED that defendants, and each of them be enjoined from taking possession of the property in case #1:06CV01632.

Dated:_____

_____
Signature of the judge

_____
Signature of clerk of court